UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE GREEN,

        Plaintiff,

        v.                        CAUSE NO. 3:23-CV-188-JD-MGG

S. DAY, et al.,

        Defendants.

## OPINION AND ORDER

Lawrence Green, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Green alleges that, on May 30, 2022, he was found guilty of a disciplinary offense and sanctioned with restitution in the amount of $50,000.00. $1,560.81 was deducted from his inmate trust account and applied toward restitution, and the remainder due appeared as a debt. Green appealed the disciplinary findings and received another hearing. On November 3, 2022, he was sanctioned by S. Day to disciplinary restrictive housing, an earned credit time deprivation, and a demotion in credit class. Following

the appeal, S. Day's sanctions against Green did not include restitution. His inmate trust account reflects that he no longer owes the outstanding balance of the now-vacated restitution order ($48,439.19), but he was not credited the amount he had already paid toward the restitution order. Green does not challenge the sanctions imposed upon him at the rehearing. Green is suing about the misadministration of his inmate trust fund account following rehearing.

As Green notes, his trust fund account is unquestionably property under the Due Process Clause. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986) ("It is beyond dispute that Campbell has a property interest in the funds on deposit in his prison account."). In an unpublished opinion, the Seventh Circuit has found that a restitution order that is not supported by *any* evidence implicates the Due Process Clause. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by any evidence"). However, where an inmate is provided with a hearing consistent with *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974), due process is satisfied for purposes of both revocation of good-time credits and assessment of restitution. *Campbell v. Miller*, 787 F.2d 217, 224 n.12 (7th Cir. 1986).

Here, Green does not challenge whether he received due process in relationship to his disciplinary charge; he appealed and succeeded in having the sanction of restitution vacated. Instead, Green alleges that despite the restitution award being vacated, his funds were not restored in full. Exhibits submitted with Green's complaint show that, as late as February 8, 2023, in response to a request for interview, the

2

business office indicated that the "$1,560.81 will be refunded to [Green] as the funds become available." ECF 1-1 at 13. He filed this complaint just 19 days later.

A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the Due Process Clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, additional process remains available to Green, and the complaint does not state a claim.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 3, 2023

/s/ Jon E. DeGuilio
CHIEF JUDGE
UNITED STATES DISTRICT COURT